# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| DEBRA MAXINE FAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-01075-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Debra Maxine Fain ("Fain") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Fain applied for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found that Fain was not severely disabled under the Act, and had an RFC that allowed her to perform past relevant work.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Fain filed her application on December 22, 2010, alleging a disability onset date of May 1, 2008. The Commissioner denied the application at the initial claim level, and Fain appealed the denial to an ALJ. The ALJ held a hearing, and on September 24, 2012, issued a decision

finding Plaintiff was not disabled. Fain appealed the decision to this Court, which remanded the case for further proceedings on October 27, 2015.

On remand, the ALJ held a hearing on June 27, 2016, and denied Fain's application for benefits on July 13, 2016. The ALJ found that Fain was not under a disability, and determined that Fain retained the residual functional capacity ("RFC") to perform a range of light work activity. Fain has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Discussion**

Fain argues that the ALJ: (1) erred at step two by improperly weighing the medical opinion evidence; (2) erred at step four by finding Fain had an RFC to perform a range of light work activity; and (3) erred at step four by finding Fain could return to her past relevant work. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

**I. The ALJ properly weighed the medical opinion evidence, and substantial evidence supports his conclusion that Fain's mental impairments are not severe.**

Fain argues that the ALJ erred by finding her mental impairments are not severe. The ALJ evaluates whether the claimant's impairments are severe at the second step of the sequential evaluation process. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment significantly limits a claimant's ability to do work-related activities. *See Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The impairment must also be expected to result in death or have lasted—or be expected to last—for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. The severe impairment standard is not onerous, but it is not toothless either. *Kirby*, 500 F.3d at 708. It is the claimant's burden to establish severity. *Id.* at 707. To establish a severe mental impairment, the claimant must furnish objective medical and other evidence proving that her mental impairments resulted in either repeated episodes of decompensation, or in more than a mild limitation of daily living, social functioning, and concentration, persistence, or pace. 20 C.F.R. § 404, Subpt. P, App.1. If a claimant has no severe impairments, the sequential

3

evaluation process terminates at step two and the claimant is found not disabled. 20 C.F.R. § 404.1520(a)(4)(ii).

Fain argues the ALJ made this error because he incorrectly weighed the various medical opinions in the record. Where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). In weighing a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. 20 C.F.R. § 404.1527(c).

Fain argues that the ALJ did not give enough weight to the opinion of her treating physician, Dr. Tim Ryan, M.D. The amount of weight given a treating medical source opinion depends upon support for the opinion found in the record, its consistency with the record, and whether it rests upon conclusory statements. *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). An ALJ must give controlling weight to a treating medical source opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence. *Id.* The opinion may be given "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citations omitted). The ALJ "may discount or even disregard the opinion . . . where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (citation omitted).

Here, Dr. Ryan opined that Fain could perform less than the full range of sedentary work, had debilitating pain, and would be absent from work more than three times a month. R. at 632.

The ALJ cited several instances where Dr. Ryan's opinion is inconsistent with the record. The ALJ noted that Dr. Ryan's opinion is not consistent with the unremarkable objective medical signs seen in diagnostic testing. R. at 632. The ALJ also found Dr. Ryan's opinion to be internally contradictory and inconsistent with the findings of the medical expert. R. at 632. The mere fact that a physician is a treating physician is not good enough to overcome the better-supported opinion of a reviewing physician. *See Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014). Substantial evidence supports the ALJ's conclusion to give less weight to Dr. Ryan's opinion.

Fain also argues that the ALJ erred by relying on the opinion of Dr. Margaret Sullivan, PhD, the non-examining state agency psychological consultant, because her opinion was based on the incorrect conclusion that Fain had never taken psychiatric medication. However, the ALJ cited a portion of the record specifically delineating Fain's treatment with psychiatric medication. R. at 625. Additionally, the ALJ noted that Fain had minimal treatment for mental problems, and that no treating or examining medical professional found that Fain had work-related limitations from a mental condition. R. at 625. For example, the ALJ said that Fain's pain management specialist characterized her as having mild reactive depression related to her chronic pain. R. at 625, 856. The ALJ also found that Fain's mental impairments caused no limitation in her daily activities, no limitation in social functioning, only mild limitation in concentration, persistence, or pace, and no episodes of decompensation. R. at 625-26. The ALJ properly evaluated Dr. Sullivan's opinion as one factor making up the substantial evidence supporting his conclusion that Fain's mental impairments are not severe.

Consequently, substantial evidence supports the ALJ's decision that Fain does not have severe mental impairments.

**II. Substantial evidence supports the ALJ's RFC determination.**

Next, Fain argues that the ALJ's RFC determination is not supported by substantial evidence. The ALJ made the following findings: (1) Fain could sit two hours at a time for a total of six hours a day and stand or walk one hour at a time for a total of four hours a day; (2) Fain could not reach overhead, crouch, crawl, work at unprotected heights, work around dangerous machinery, work around industrial vibration, or climb ladders, ropes, or scaffolds; (3) Fain could perform all other postural positions occasionally; (4) Fain could handle objects frequently with both extremities. R. at 627-28.

Fain initially argues that the ALJ erred by giving the opinion of Dr. Robert C. Thompson, M.D., an impartial medical expert, great weight and ignoring Fain's complaints of pain. Dr. Thompson opined that Fain did not have an impairment or combinations of impairments that met or medically equaled the criteria described in the Listing of Impairments. He noted that Fain had an essentially normal neurological exam on December 9, 2010, and that there was no abnormality in her upper extremities. R. at 630. The ALJ cited the following record evidence that supports Dr. Thompson's opinion: 1) Fain received minimal medical treatment prior to August 2010; 2) Fain fell off a ladder in January 2009, but x-rays were negative and physical exams in February 2009 and March 2010 were unremarkable; 3) Fain did well in physical therapy and worked after spinal tumors were removed in 2004; 4) Fain's physical exams, even those after the relevant period, showed she could ambulate independently, was independent in performing activities of daily living, and did not use an assistive device; 5) Fain did not exhibit pain or tenderness in the lumbar paraspinous muscles and had normal power, bulk, and tone in the upper and lower extremity musculature; and 6) Fain had normal straight leg raising,

6

coordination, reflexes, and sensory exam. R. at 630-31, 648-49. There is substantial evidence supporting the ALJ's decision to give weight to Dr. Thompson's opinions.

Next, Fain claims that the ALJ failed to articulate why he found that she could frequently carry 10 pounds when Dr. Thompson opined that she could not carry frequently. To the contrary, Dr. Thompson testified during the hearing that Fain could carry "up to 10 pounds frequently." R. at 648. Dr. Michael Justice, D.O., consulting physician, opined the same. R. at 482. Both opinions equate to substantial evidence supporting the ALJ's conclusion that Fain could carry up to 10 pounds frequently.

Finally, Fain argues the ALJ's RFC determination failed to account for her mild limitations in concentration, persistence, or pace. A finding of mild limitations in concentration, persistence, or pace is consistent with finding a nonsevere mental impairment. *See Buckner*, 646 F.3d at 556-57 (8th Cir. 2011) (finding a nonsevere mental impairment despite also finding that claimant was "mildly limited [in] his ability to maintain concentration, persistence, and pace"). Here, the ALJ found that Fain drove, handled money, paid bills, researched genealogy, used a computer, read, sewed, crocheted, knitted, did embroidery, and did not require reminders to go places—all facts supported by the record. R. at 626. The ALJ's finding is supported by substantial evidence.

The Court finds that substantial evidence supports the ALJ's RFC determination.

### III. Substantial evidence supports the ALJ's conclusion that Fain could return to her past relevant work.

Fain argues that the ALJ's finding at step four that she could perform past work as a desk clerk is not supported by substantial evidence because the vocational expert's testimony is inconsistent with her limitation to standing or walking up to four hours total in a day. The vocational expert testified that a hypothetical individual with Fain's RFC could perform her past

work as a desk clerk, and that many hotels allow desk clerks to sit. R. 633, 674. *See Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999) ("A vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence"). The ALJ made specific findings regarding Fain's past relevant work. R. 633, 673-74. *See Groper v. Sullivan*, 932 F.2d 1234, 1238-39 (8th Cir. 1991). The Court finds that substantial evidence supports the ALJ's finding that Fain could perform her past relevant work as a desk clerk.

Because this finding results in a determination that Fain is not disabled, the Court's analysis ends here at step four. *See Kemp ex rel Kemp*, 743 F.3d at 632 n.1. The Court need not consider Fain's alternate arguments in sections "D" and "E" of her brief.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 1, 2018   　　　　　　　　 /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT